IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANYER V.S.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY,<br><br>Respondent. | Civil No. 1:26-cv-09025-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 220-845-018 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Janyer V.S.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. For the reasons discussed below, the court GRANTS the petition and orders Petitioner's immediate release under reasonable conditions of supervision.

**BACKGROUND**

Petitioner is a native and citizen of Cuba who entered the country without inspection in March 2022. Dkt. No. 9-1, at pg. 1. Immigration authorities detained him and initiated removal proceedings. *Jayner E.V.S. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817, at *1 (E.D. Cal. May 12, 2026). Petitioner was then

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

released on his own recognizance. *Id.* More than twenty years later, immigration authorities encountered Petitioner following his arrest by local authorities in Florida, and they re-detained him in February 2026. *Id.*

In his first habeas petition, Petitioner argued that his detention without a bond hearing violated his due process rights. *Jayner E.V.S.*, 2026 WL 1330817, at *1. After concluding that Petitioner was detained under 8 U.S.C. § 1226(a), the court granted the petition in part, and Petitioner received a bond hearing in May 2026. *See* Status Report, *Jayner E.V.S.*, No. 1:26-cv-03554-MWJS (E.D. Cal. May 22, 2026), Dkt. No. 10. After that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.* at pgs. 3–6. Petitioner appealed, and that appeal was eventually dismissed. Dkt. No. 9-8.

Approximately a month after his bond hearing, Petitioner filed a habeas petition challenging the duration of his detention under 8 U.S.C. § 1226(a). *See E.V.S v. Warden, California City Corr. Ctr.*, No. 1:26-cv-05034-MWJS, 2026 WL 1954512, at *1 (E.D. Cal. July 6, 2026). Based on the facts at that time, the court denied the petition without prejudice after concluding that Petitioner faced a significant likelihood of removal in the reasonably foreseeable future. *Id.* at *2.

Then, on July 21, 2026, an immigration judge ordered Petitioner's removal to Cuba. *See* Dkt. No. 9-7. Both Petitioner and the government waived appeal, so the removal order was immediately final. *See id.* at pg. 4; *see also* 8 C.F.R. § 1241.1(b). At

that point, the relevant detention authority shifted from 8 U.S.C. § 1226(a) to 8 U.S.C. § 1231(a). *See* 8 U.S.C. § 1231(a)(1)(B)(i). Immigration authorities transferred Petitioner from the California City Immigration Processing Center to Louisiana to facilitate his removal to Cuba. Dkt. No. 10, at pg. 1. Immigration authorities were unable to effectuate that removal, however, so they returned Petitioner to the California City Immigration Processing Center, where he remains detained today. *Id.*

Petitioner again invokes this court's habeas jurisdiction, this time arguing that his current detention under 8 U.S.C. § 1231(a)(6) is unlawful because he is no longer likely to be removed in the reasonably foreseeable future. *Id.* Petitioner seeks his immediate release under an order of supervision. *Id.*

## DISCUSSION

As relevant here, 8 U.S.C. § 1231(a) authorizes detention of a noncitizen who is subject to an administratively final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Detention is mandatory during a ninety-day "removal period." 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *Zadvydas*, 533 U.S. at 683. After the removal period ends, 8 U.S.C. § 1231(a)(6) authorizes an additional period of detention in certain circumstances—that is, the "post-removal-period." *Zadvydas*, 533 U.S. at 683; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021).

Detention under 8 U.S.C. § 1231(a)(6), however, cannot be indefinite. The Supreme Court has explained that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has made clear that a noncitizen can be detained pursuant to 8 U.S.C. § 1231(a)(6) so long as there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* Absent that, courts must "hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700.

Detention under 8 U.S.C. § 1231(a)—that is, detention during both the removal period and post-removal-period timeframe—is presumptively reasonable for a period of six months. *Zadvydas*, 533 U.S. at 701. This presumption is rebuttable. *See, e.g.*, *Carlos P.N. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-07931-TLN-CKD, 2026 WL 3572637, at *2 (E.D. Cal. Nov. 20, 2026) ("As with all presumptions, the *Zadvydas* presumption of reasonableness is rebuttable."); *Perello v. Mattos*, No. 2:26-cv-02343-GMN-DJA, 2026 WL 3306963, at *2 (D. Nev. Nov. 2, 2026) ("[T]his Court joined many other district courts and found that the six-month presumption in *Zadvydas* is rebuttable and does not foreclose claims challenging detention less than six months.").

Here, Petitioner's removal period began upon issuance of his removal order on July 21, 2026, after both he and the government waived appeal, so his ninety-day period of mandatory detention ended on October 19, 2026. Petitioner and Respondent

therefore agree that Petitioner is now detained under 8 U.S.C. § 1231(a)(6). They also agree that Petitioner has been detained for less than six months since the relevant detention authority shifted from 8 U.S.C. § 1226(a) to 8 U.S.C. § 1231(a). Thus, the resolution of this petition turns on whether Petitioner has carried his burden of rebutting *Zadvydas'* presumption of reasonableness, and, if so, what Respondent has done to overcome Petitioner's showing.

Petitioner notes that "Cuba generally does not grant travel documents allowing the United States to carry out removal orders to Cuba." Dkt. No. 10. Many courts have recognized this fact. *See, e.g.*, *Perello*, 2026 WL 3306963, at *3 ("In several other cases involving Cuban petitioners, the Court acknowledged evidence of Cuba's longstanding policy to not accept Cuban nationals with final orders of removal, particularly those with criminal convictions."). And, as Petitioner also notes, his own experiences are consistent with this fact. After immigration authorities transferred Petitioner across the country to facilitate his removal to Cuba, they moved him right back to this district after they could not effectuate that removal. Based on these facts, the court finds that Petitioner has rebutted *Zadvydas'* presumption of reasonableness. *See Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, *3 (D. Nev. Apr. 22, 2026) ("[T]here is no significant likelihood of removal to Cuba in the reasonably foreseeable future, so any continued detention based on effectuating removal to Cuba violates the implicit limitation in § 1231(a)(6).").

Turning to Respondent's showing, they assert that "other options exist" that "have not been foreclosed," and that Immigration and Customs Enforcement is "actively pursuing options." Dkt. No. 9, at pg. 3. Respondent does not dispute, however, that they already tried and failed to remove Petitioner to Cuba, nor do they contend that there is a significant likelihood that they will be able to remove Petitioner in the reasonably foreseeable future. To the extent Respondent suggests that "other options" are available to them, they do not say what those options are, how they have been pursuing them, and how long those options might take. The court finds that Respondent's generalized statements are not enough to overcome Petitioner's showing. *See Perello*, 2026 WL 3306963, at*3 ("Courts in this circuit have regularly refused to find respondents' burden met where respondents have offered little more than generalizations regarding the likelihood that removal will occur.").

//

//

//

//

//

//

//

## CONCLUSION

Given the circumstances of this case, the court GRANTS the petition. Dkt. No. 1. Respondent is ORDERED to immediately release Petitioner Janyer V.S. (A# 220-845-018) from their custody under reasonable conditions of supervision under 8 U.S.C. § 1231(a)(3). The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: November 25, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge